# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

WAYNE DEMARS HAMILTON,  )
                        )
    Plaintiff,        )
                        )
v.                      )    Case No. CV411-307
                        )
LARRY CHISOLM,          )
                        )
    Defendant.       )

## **REPORT AND RECOMMENDATION**

Wayne Demars Hamilton once again seeks to misuse this Court to interfere with an ongoing state-court prosecution against him. *See Hamilton v. St. Lawrence*, CV411-007 doc. 3 (S.D. Ga. Jan. 26, 2011) (advising dismissal of his 28 U.S.C. § 2254 petition as unexhausted, noting earlier-dismissed § 2254 petition for the same reason), *adopted*, doc. 7; *see also* doc. 8 (judgment dismissing that case); *Hamilton v. Martin*, CV410-201 doc. 6 (S.D. Ga. Dec. 10, 2010) (advising dismissal of 42 U.S.C. § 1983 action because it challenged same prosecution and thus sounded in habeas, and was unexhausted at that), *adopted*, doc. 12; *see also* doc. 13 (judgment dismissing that case); *Hamilton v. Chisolm*,

CV411-023, doc. 4 (advising dismissal of § 1983 case as moot), *adopted*, doc. 7 (S.D. Ga. Mar. 25, 2011).

Hamilton's latest attempt arises in this § 1983 case, CV411-307, where he once again has gotten it in his mind that when he is prosecuted in state court (this time for, *inter alia*, theft by taking, *see* the attached state court docket sheets in *State v. Hamilton*), he can simply sue all involved here for perceived procedural defects in that case. Doc. 1 at 3-4. To that end, he advances no money-damages claims and seeks only to enjoin that prosecution. *Id.*

Having granted Hamilton leave to file his complaint *in forma pauperis*, docs. 5 & 6, the Court, in conducting an initial screening,[1] concludes that he in substance is bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116,

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine plaintiff's Complaint to determine whether it states a colorable claim for relief.

119 (11th Cir. 2009) (*citing Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

In that Hamilton seeks to affect the fact or duration of his confinement by the state, he must "pursue federal habeas corpus relief (or appropriate state relief) instead" of a § 1983 judgment. *Wilkinson*, 544 U.S. at 78. But to do that he must first exhaust his state court remedies.[2] For that matter, he does not even hint at being able to show

---

[2] Hamilton does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts.

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Hamilton's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

the extraordinary circumstances needed to federally enjoin a state prosecution.[3] Doc. 1 at 2 ¶ 5.

Finally, any attempt to amend his complaint to seek only money damage claims would fail. The only defendant here is his prosecutor. The prosecutor, not alleged here to have acted outside of his assigned function, would be immune. *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) ("Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983"), *cert. granted*, 131 S.Ct. 1678 (2011).

---

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

[3] As another court explains:

> [t]he federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In *Younger*, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances." *Id.*, at 41, 91 S. Ct. at 749. Special circumstances are not alleged here.

*Cole v. Fla.*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Accordingly, plaintiff Wayne D. Hamilton's Complaint should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). Upon the dismissal of this case as advised, Hamilton will have incurred his third strike under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Hamilton to pay the piper. Based on his furnished information, doc. 5 ($5.07 average monthly balance for the last four months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $1.01. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial

fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall deduct $1.01 from Hamilton's account and remit to the Clerk of Court (payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

**SO REPORTED AND RECOMMENDED** this __4th__ day of January, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA







| Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees |

December 30, 2011    Location: Case Details    *Input your search...*

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

## Case Details

### State
### VS.
### HAMILTON, WAYNE DEMARS

- Case Events
- Charges
- Parties
- Proceedings

**Case Information**

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR112278 |
| Case Type: | THEFT-F |
| Judge: | HONORABLE JAMES BASS |
| Assistant District Attorney: | ARVO HENIFIN |
| Date Filed: | 10/12/2011 |
| Status: | ACTIVE - |
| Next Event: | 2/27/2012 ARRAIGNMENT/VIDEO |

**Defendant Information**

| | |
|---|---|
| Name: | HAMILTON, WAYNE DEMARS |
| DIN: | X0091954 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 64 |
| Weight: | 140 |
| Eyes: | BROWN |
| Hair: | BLACK |

Chatham County Sheriff X0091954

Click for large Picture

**Defendant History**

**Attorney Information**

MICHELLE TAYLOR
540 East Oglethorpe Ave
Savannah, GA
31401

**Bondsman Information**

N/A

**Case Events**

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 2/27/2012 | 10:00AM | ARRAIGNMENT/VIDEO | JAMES BASS | |
| 11/28/2011 | 11:00AM | CALENDAR CALL | JAMES BASS | |

[Return to Top]

**Charges**

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-21 | CRIMINAL TRESPASS | 1 | MISDEMEANOR | 8/4/2011 11:17:15 PM | |
| 16-7-20 | POSS TOOLS FOR COMMISSION OF CRIME | 1 | FELONY | 8/4/2011 11:17:35 PM | |
| 16-8-2 | THEFT BY TAKING | 1 | FELONY | 8/4/2011 11:18:02 PM | |
| 16-10-20 | FALSE STATMENTS & WRITINGS | 1 | FELONY | 9/27/2011 | |

[Return to Top]

**Proceedings**

| Date | Time | Code | Judge | |
|---|---|---|---|---|
| 2/27/2012 | 10:00AM | ARRAIGNMENT/VIDEO | JAMES BASS | |
| 12/9/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | |
| 11/28/2011 | 11:00AM | CALENDAR CALL | JAMES BASS | |
| 11/14/2011 | | BOND ORDER | | BOND GRANTED 5500.00 PREVIOUSLY POSTED BOND ORDER/ |
| 11/7/2011 | | PETITION FOR BOND/NISI | | PETITION FILED BY ATTY MICHELLE TAYLOR HEARING 11-14-11 @ 9:30AM/ |

| | | | |
|---|---|---|---|
| 11/4/2011 | STATES DISCOVERY DISCLOSURE AND DEMAND FOR RECIPROCAL DISCOVERY | | STATES DISCOVERY DISCLOSURE/STATES DEMAND FOR RECIPROCAL DISCOVERY/STATES LIST OF WITNESSES/DEFENDANTS STATEMENTS TO POLICE/NOTICE OF INTENT TO PROSECUTE DEFENDANT AS A RECIDIVIST/NOTICE OF INTENT TO IMPEACH DEFENDANTS TESTIMONY USING PRIOR CONVICTIONS/NOTICE OF INTENT TO INTRODUCE EVIDENCE IN AGGRAVATION OF SENTENCE/STATES DEMAND FOR DEFENDANTS RECIPROCAL DISCOVERY/STATES DEMAND FOR DISCLOSURE OF DEFENSE WITNESSES IDENTITIES AND INFORMATION/STATES DEMAND FOR DEFENSE WITNESSES STATEMENTS/STATES DEMAND FOR DEFENDANTS DISCOVERY REGARDING ALIBI/CERT OF SVC/ |
| 11/3/2011 | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | REQUEST FOR COPIES/ |
| 11/3/2011 | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | LETTER ATTN: PUBLIC DEFENDER OFFICE/DEMAND BY ACCUSED FOR SPEEDY TRIAL/MOTION TO SUPPRESS/PLEA IN ABATEMENT/MOTION FOR BOND/MOTION FOR DISCOVERY/MOTION TO DISMISS/ |
| 10/26/2011 | ARREST WARRANT SERVED | | |
| 10/25/2011 | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | |
| 10/24/2011 | BENCH WARRANT ISSUED | | |
| 10/14/2011 11:35:41 AM | SCREENING | | Initial Case Screening / Scanning |
| 10/12/2011 | INDICTMENT | | |

[Return to Top]